UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALEB PRICE,<br><br>    Plaintiff,<br>   v.<br><br>CLARK COUNTY DISTRICT COURT, *et al.*,<br><br>    Defendants. | No. C10-5288 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  June 18, 2010** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. After reviewing the complaint in this action the undersigned recommends that the action be dismissed with prejudice prior to service because extraordinary remedy of mandamus is not appropriate to compel the type of relief sought by Mr. Price in this lawsuit.

*DISCUSSION*

Mr. Price seeks to file a petition for writ of mandamus seeking relief under 28 U.S.C. § 1651 "the so-called 'All Writs Act.'"  Mr. Price requests an order from this Court directing the Clark County District Court "to honor [Mr. Price's] constitutional right to Speed [sic] Trial and

REPORT AND RECOMMENDATION - 1

to further act upon [his] motion of: Notice of Place of Imprisonment and Request for Speedy Trial or, Alternatively for Dismissal." Dkt. 3, pp. 1, 3-4.

*DISCUSSION*

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels*

REPORT AND RECOMMENDATION - 2

*v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.[1]  Mandamus is an extraordinary remedy.  *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).  A writ of mandamus is appropriately used only when (1) the petitioner's claim is "clear and certain"; (2) the respondent official's duty to act is ministerial and (3) no other adequate remedy is available.  *Id.* (citing *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)).

In this case, Mr. Price filed a petition for a writ of mandamus, seeking to compel this court to issue an order directing a state trial court judge to act on Mr. Price's pre-trial motions.  The extraordinary remedy of mandamus is not appropriate to compel the type of relief sought by Mr. Price in this lawsuit.  The district court does not have jurisdiction to issue a writ of mandamus to state officers.  *Demos v. United States Dist. Court for E. Dist. Of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991).

It does not appear this defect can be cured and dismissal prior to service is therefore appropriate.  *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337 (9th Cir. 1981).

## *CONCLUSION*

Plaintiff has not stated a cognizable claim under 42 U.S.C. § 1983.  Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** and that the dismissal shall count **as a strike under 28 U.S.C. 1915(g).**

---

[1] Mr. Price requests a writ of mandamus pursuant to 28 U.S.C. § 1651.  That statute provides that all courts may issue all writs necessary or appropriate in aid of their respective jurisdictions.

REPORT AND RECOMMENDATION - 3

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 18, 2010**, as noted in the caption.

DATED this  1st day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4